UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SCHNITZER SOUTHEAST, LLC** | : <br> : <br> : <br> : |
| *Plaintiff,* | : <br> :     C.A. No. 1:23-cv-278 (MAD/DJS) <br> : |
| v. | : <br> : |
| **PLANIT WASTE AND RECYCLING, INC.** | : <br> : <br> : |
| *Defendants.* | : <br> : |

## COMPLAINT

Now comes Plaintiff, Schnitzer Southeast, LLC, by and through undersigned counsel, and alleges as follows:

### PARTIES & JURISDICTION

1. Plaintiff, Schnitzer Southeast, LLC ("Schnitzer"), is limited liability company organized under the laws of Oregon with a principal place of business at 906 Adamson Street, Atlanta, Georgia, 30315.

2. Defendant, Planit Waste and Recycling, Inc. ("Planit"), is a corporation organized under the laws of New York State with a principal place of business at 274 Greenfield Avenue, Ballston Spa, New York, 12020.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue for this action is proper in this Court pursuant 28 U.S.C. 1391. A substantial part of the events or omissions giving rise to the claim occurred in the Northern District of New York and the Defendants are subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

5. Schnitzer is a recycler of scrap metal. Schnitzer maintains various locations throughout the country.

6. Schnitzer purchases scrap metal, from industrial manufacturers, demolition companies, metal dealers, retailers, entities, individuals, and other supply channels.

7. Schnitzer has a contract to purchase certain scrap materials and to provide scrap removal and handling services from various companies in the greater Albany, New York area, including Walmart/Propak in Johnstown, New York and Home Depot Store Support, Inc. in Schenectady, New York.

8. On or about August 14, 2017, Schnitzer and Planit entered into a Master Service Agreement (the "MSA").

9. Pursuant to the MSA, Planit would remove scrap metal from Schnitzer's customer, Walmart/Propak.

10. As full compensation for this service, Planit would retain the benefit of the scrap ownership and pay Schnitzer for the scrap using "rates established by [Schnitzer]" based on the monthly price paid for "shredder feed"[1] in the Albany market, minus an agreed upon freight charge.

---

[1] "Shredder feed" is material originating from automobiles, appliances and miscellaneous ferrous items requiring processing by a shredder prior to being sold to and consumed by a steel mill.

11. Exhibit A to the MSA stated that the rates will be based on the "market price for Shredder Feed Scrap. Price will change monthly up or down based on changes in area market. **Indication given for July 2017 market of $100.80/Gross Ton**." (emphasis in original).

12. For the next several years, Planit performed its services pursuant to the MSA and paid Schnitzer for the scrap removed from Schnitzer's customers using the prevailing price for shredder feed in the Albany market at rates established by Schnitzer.

13. In October 2019, Schnitzer was re-awarded the Walmart contract using an AMM index[2] and, through an exchange of emails between Schnitzer and Planit, Schnitzer agreed to change the pricing that Planit would pay Schnitzer to the "AMM #2 Bundles, Export Buying Yard, NY Less $95 GT," minus an agreed upon freight charge.

14. Schnitzer relied on this pricing in determining what to pay its customers for the supply of recyclable materials and Planit continued to adhere to this pricing methodology until December 2021.

15. In December of 2021, the parties entered into two new agreements; one to replace the MSA for Walmart and one to add an MSA for Home Depot as a new supplier.

16. These new agreements were captioned Services and Equipment Loan Agreements.

17. The parties executed one Services and Equipment Loan Agreement on December 7, 2021 for Schnitzer's customer Home Depot Store Support, Inc. (the "Home Depot Agreement").

18. The parties executed a second Services and Equipment Loan Agreement on December 7, 2021 for Schnitzer's customer Walmart (the "Walmart Agreement").

19. Both the Home Depot Agreement and the Walmart Agreement stated that the pricing Planit would pay Schnitzer would be "at the rates established by [Schnitzer]" using the

---

[2] The AMM is an American Metal Market online daily publication providing news about the general industry as well as information about the metal markets and commodity pricing.

"shredder feed prices in the Albany, NY market that month," minus an agreed upon freight charge and, in the case of Walmart, an agreed upon equipment rental.

20. Exhibit A to the Home Depot Agreement stated that the "Current Shredder Feed Price" was $272 per gross ton and that the "price will adjust each month based on actual fluctuation in shredder feed prices in the Albany, NY market that month."

21. Exhibit A to the Walmart Agreement stated that the "Current Shredder Feed Price" was $245 per gross ton and that the "price will adjust each month based on actual fluctuation in shredder feed prices in the Albany, NY market that month."

22. Schnitzer retained the right in both the Home Depot and Walmart Agreements to establish the pricing that Planit must pay for the scrap it retrieves from Schnitzer's customers.

23. If Planit was not satisfied with the pricing mechanism set by Agreement, it could stop purchasing the scrap from Schnitzer's customers.

24. The Agreements did not permit Planit to unilaterally change the means of determining what the "shredded feed price in the Albany, NY market" was for any given month.

25. From December of 2021, when the parties executed the Home Depot and Walmart Agreements, until June of 2022, Planit adhered to paying Schnitzer the "shredder feed price" established by Schnitzer.

26. In fact, the price Planit paid in December of 2021 was $245 per gross ton; the "shredder feed price in Albany, NY" that month.

27. Using this "shredder feed" price resulted in an average price per ton of $223.82 that Planit paid Schnitzer for scrap during the 6-month period from December of 2021 until May of 2022.

4

28. Beginning in June of 2022, however, Planit began unilaterally paying substantially less than the index pricing previously used by the parties on the Walmart Agreement by implementing the use of a new index, the "Ben Weitsman of Albany price list," and imposing a deduction of $95 per gross ton from this price.

29. From June to September of 2022, Planit unilaterally reduced the pricing it paid for the scrap to an average of $75.51 per gross ton.

30. This average was approximately $96 per ton *less* than the index pricing that the parties had used for the first 6 months of performance under the Home Depot and Walmart Agreements.

31. On August 25, 2022, Planit notified Schnitzer that it believed Planit had been using the wrong pricing index, even though Planit had no contractual right to establish or change pricing.

32. On September 8, 2022, Planit insisted that the correct pricing index was the "Ben Weitsman of Albany" list, with a $95 per gross ton volume discount.

33. Planit further insisted on applying this new index and discount retroactively to December of 2021 and falsely claimed that Schnitzer owed Planit a credit of $202,209.94.

34. On September 30, 2022, Schnitzer terminated the Home Depot and Walmart Agreements with Planit effective October 3, 2022 due to Planit's beach of those Agreements.

35. From December of 2021 until the Agreements were terminated, Schnitzer based the price it paid to its customers on the prices it expected Planit to pay and the revenue it expected to receive from Planit.

36. In total, from December of 2021 until October of 2022, Schnitzer purchased, and in turn sold to Planit, 3,514 gross tons of recyclable materials from Walmart and Home Depot.

37. Planit's unilateral and unsupported price reduction is a breach of the Agreements and has caused damage to Schnitzer.

## Count I
## Breach of Contract

38. Schnitzer repeats and realleges the facts set forth above and incorporates them fully herein.

39. The Home Depot and Walmart Agreements constitute binding and enforceable contracts between Schnitzer and Planit.

40. Both contracts contained an offer and an acceptance and are supported by adequate consideration.

41. Schnitzer performed all of its obligations under the contracts.

42. Planit breached the contracts by unilaterally changing the pricing mechanism for the scrap that it retrieved from Schnitzer's customers.

43. Planit's breach is the actual and proximate cause of damages Schnitzer.

44. As a direct and proximate result of Planit's breach of the contracts, Schnitzer is entitled to recover its damages, costs, interest and reasonable attorneys' fees.

## Count II
## Breach of the Implied Covenant of Good Faith and Fair Dealing

45. Schnitzer repeats and realleges the facts set forth above and incorporates them fully herein.

46. Pursuant to the contracts between the parties, Oregon law applies.

47. Under Oregon law, there is a duty of good faith and fair dealing with respect to all contracts to facilitate performance and enforcement of the contract where it is consistent with and

in furtherance of the agreed-upon terms of the contract or where it effectuates the reasonable contractual expectations of the parties.

48. Planit breached the covenant of good faith and fair dealing when it unilaterally reduced the price it was paying for the scrap it retrieved from Schnitzer's customers.

49. The pricing Planit attempted to force on Schnitzer was not consistent with the contractual provisions, not consistent with the parties previous course of conduct, not consistent with reasonable market prices and therefore not consistent with Schnitzer's reasonable contractual expectations.

50. Planit's breach of the implied covenant of good faith and fair dealing is the actual and proximate cause of damage to Schnitzer.

51. As a direct and proximate result of Planit's breach of the covenant of good faith and fair dealing, Schnitzer is entitled to recover its damages, costs, interest and reasonable attorneys' fees.

## Count III
## Unjust Enrichment

52. Schnitzer repeats and realleges the facts set forth above and incorporates them fully herein.

53. Planit received scrap materials from Schnitzer's customers based on the representation that it would pay Schnitzer for that scrap material and knowing that Schnitzer paid the customer for that scrap material.

54. Planit received legal title and enjoyed the beneficial interest of that scrap material without paying the bargained-for price it had agreed to pay Schnitzer.

55. It would be wrongful and inequitable for Planit to retain the benefits of the scrap material without paying the fair market value it agreed would be determined by Schnitzer.

56. Equity and justice require that Planit pay damages equal to the value of the scrap materials.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Schnitzer hereby demands judgment against the Planit as follows:

a. Award Schnitzer compensatory damages on all counts in amounts to be determined at trial, with prejudgment interest and costs; and

b. Grant any other relief the Court finds just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

**SCHNITZER STEEL INDUSTRIES, INC.**

By its attorney,

March 1, 2023

/s/ *Courtney H.G. Herz*
Courtney H.G. Herz, Bar No. 704317
Michael J. Lambert (pro hac vice admission pending)
Sheehan Phinney Bass & Green, PA
28 State Street, 22nd Floor
Boston, MA 02109
(617) 897-5600
mlambert@sheehan.com